IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL CASE NO.: 4:21-cr-50 |
| v. | |
| MATTHEW KEARSE, | |
| Defendant. | |

**O R D E R**

For the reasons set forth below, the Court **DENIES** Defendant's motion wherein he requests that the Court order that he serve at least twelve months of his sentence in a halfway house. (Doc. 63.)

The statutory basis for Defendant's request is not clear. To the extent that Defendant challenges the Bureau of Prison's ("BOP") calculation of his sentence, he would have to first exhaust his administrative remedies within the BOP, which he has apparently not accomplished. United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005). Further, Defendant would have to bring his sentence calculation claim via 28 U.S.C. § 2241 in the district of his current confinement. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Because he is not currently confined in this district, the Court cannot grant him any relief under Section 2241. Thus, to the extent that Defendant intended to bring his claim pursuant to 28 U.S.C. § 2241, the Court **DENIES** that claim **WITHOUT PREJUDICE**.

Further, while this Court sentenced Defendant, the execution of his sentence rests with the BOP which designates a prisoner's place of confinement. See 18 U.S.C. § 3621 ("The Bureau may designate any available penal or correctional facility that meets minimum standards of health

and habitability established by the [BOP], whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the [BOP] determines to be appropriate and suitable[.]"); see also Cohen v. United States, 151 F.3d 1338, 1343 (11th Cir. 1998) (Congress "inten[ded] to allow the BOP to rely on its own judgment in classifying prisoners and placing them in institutions."); Brown v. Atkinson, No. 09-23555-CIV, 2010 WL 3659634, at *4 (S.D. Fla. June 11, 2010) ("The law is clear that the BOP has exclusive authority to designate a prisoner's place of confinement.  A federal district court does not have the authority to order an inmate's placement in a particular facility or program."), *report and recommendation adopted*, 2010 WL 3659587 (S.D. Fla. Sept. 15, 2010).  Thus, the Court **DENIES** Defendant's request that he serve at least twelve months of his sentence in a halfway house.  (Doc. 63.)

    **SO ORDERED**, this 9th day of August, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA